## W. A. KINCAID v. H. BUTCHER.

### SUPREME COURT, AUSTIN TERM, 1882.

*Boundary—Excess of Land—Division of.*—Where the calls cf two surveys exceed the quantity intended to be granted, and the dividing line between them cannot be ascertained, and both surveys having been made at the same time, the excess of land should be equally divided between them.

Appeal from Collin county—Opinion by Stayton, J.—This suit was brought by the appellee to recover a part of a tract of land originally granted to McBain Jamison, and against the appellant, who was the owner of a tract of land granted to Rufus Sewel.

It was not questioned that appellee owned 160 acres of the tract granted to Jamison, nor that appellant owned the tract granted to Sewell, and the controversy was as to the true boundaries of the two grants.

The two tracts were bounded on the west by a tract granted to T. G. Kennedy, the northeast and southeast corners of which were established by well known corners. The southwest corner of the Jamison grant was identical with the southeast corner of the Kennedy grant, and ran with its eastern line 950 varas. The northwest corner of the Sewel grant was at a point on the east line of the Kennedy grant, 378 varas south of the northeast corner of that grant, and ran thence south 950 varas. The entire length of the east line of the Kennedy tract was 2336 varas. The three grants were surveyed, probably, at the same time, the field notes of the Kennedy and Sewel surveys bearing date January 26, 1842, and the Jamison bearing date January 24, 1842, the northeast corner thereof calling, however, for the southwest corner of the Sewel survey, which was not fixed by any natural landmark, nor by bearing

trees, or by other objects by which it could be ascertained, otherwise than by course and distance from the northeast corner of the Kennedy survey. From the northwest corner of the Sewel survey to the southwest corner of the Jamison survey the distance was greater than called for in the field notes of the two surveys by 58 varas, and, by actual measurement, about 100 feet; and this excess furnishes the subject matter of this suit, the appellant claiming that the Jamison survey must end at 950 varas from its southwest corner.

It is evident from the field notes of the two surveys which the parties claim that they are contiguous, the north line of the Jamison being the south line of the Sewel survey, and neither of them can be confined to the exact distance called for in the field notes, but the surveys covering all the land between the north line of the Sewel and the south line of the Jamison, and the same having been surveyed at the same time, the excess of land should be equally divided between them. (Welder v. Hunt, 34 Texas, 56.)

The verdict of the jury gave to the appellee no more land than he was entitled to; and if he had not remitted all of the land except a strip ten feet wide, contiguous to his hedge and extending across his tract, the same could not have been disturbed.

The construction here put upon the remittitur is the true one and it is not subject to the construction put upon it by the appellant.

It is claimed that, by agreement between the parties, the appellee had fixed his north boundary at his hedge, which was short of his north boundary, and that thereby the appellant had been induced to buy the Sewel grant, and otherwise to alter his situation, relying upon that as the boundary line; and that, therefore he was estopped from claiming to his true northern boundary.

There was some conflict of evidence upon this point, and the court instructed the jury fully and clearly in reference thereto. In such case, the verdict of the jury, which had evidence to support it, cannot be disturbed. A charge was asked upon this subject by the appellant, and it was refused by the court; but this was not error, the court having fully and clearly and accurately charged the jury upon the same subject.

There being no error in the judgment of the court below, the same is affirmed.